UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT PEARSON JR.,

                Plaintiff,

-against-

SERGEANT GESNER #138, et al.,

                Defendants.

**ORDER OF SERVICE**

21-CV-05670 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    Plaintiff, currently incarcerated in Downstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that in April 2021, he was sprayed in the eye with a chemical and refused medical treatment thereafter. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on July 15, 2021. (Doc. 6).[1]

    On August 2, 2021, the Court issued an Order directing, *inter alia*, that:

> the County Attorney for Orange County, who is the attorney for and agent of the Orange County Department of Corrections, must ascertain the identify of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The County Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

(Doc. 8 at 3). On September 7, 2021, before the Orange County Attorney could identify the individuals Plaintiff intended to sue, Plaintiff filed an Amended Complaint. (Doc. 11). This new pleading names four Defendants: (1) Sergeant Gessner (Badge No. 138); (2) Officer Morris (Badge No. 437); (3) Officer Halstead (Badge No. 148); and (4) Officer Broeckel (Badge No. 320). (*Id*. at 3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## ANALYSIS

**A.     Service of Amended Complaint**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and Amended Complaint until the Court reviewed the pleading and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Sergeant Gessner (Badge No. 138), Officer Morris (Badge No. 437), Officer Halstead (Badge No. 148), and Officer Broeckel (Badge No. 320) through the U.S. Marshals Service, the Clerk of the Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is instructed further to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Request for Production of Documents." Within 120 days of the date of this Order, Sergeant Gessner (Badge No. 138), Officer Morris (Badge No. 437), Officer Halstead (Badge No. 148), and Officer Broeckel (Badge No. 320) must serve responses to those standard discovery requests. In their responses, Sergeant Gessner (Badge No. 138), Officer Morris (Badge No. 437), Officer Halstead (Badge No. 148), and Officer Broeckel (Badge No. 320) must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is instructed further to issue summonses as to Sergeant Gessner (Badge No. 138), Officer Morris (Badge No. 437), Officer Halstead (Badge No. 148), and Officer Broeckel (Badge No. 320), complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

In addition, the Court directs further that Defendants Gessner, Morris, Halstead, and Broeckel must comply with Local Civil Rule 33.2 within 120 days of the date of this Order.

---

[2] If Plaintiff would like copies of those discovery requests before receiving any responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

The Clerk of Court is directed to mail a copy of this Order and the Amended Complaint to the Orange County Law Department, Office of the County Attorney at: 255-275 Main Street, Goshen, New York 10924.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

                                                **SO ORDERED:**

Dated:  White Plains, New York
         September 20, 2021

                                                PHILIP M. HALPERN
                                                United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Sergeant Gessner (Badge No. 138)
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

2. Officer Morris (Badge No. 437)
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

3. Officer Halstead (Badge No. 148)
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

4. Officer Broeckel (Badge No. 320)
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924