# Arnold & Porter

Alexander J. Potcovaru
Alex.Potcovaru@arnoldporter.com

> Application for a pre-motion conference granted. A telephone conference has been scheduled for June 24, 2025 at 2:30 p.m. At the time of the conference, all parties shall call the following number: 855-244-8681; access code 2317 236 5283.
>
> The Clerk of Court is respectfully directed to docket this Order at both 7:21-cv-05670 and 7:22-cv-09278.
>
> The Clerk of Court is further respectfully directed to terminate the letter motion pending at Doc. 113.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>       June 10, 2025

**VIA ECF**

Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Pearson v. Gessner et al.*, 7:21-cv-05670 (PMH)
     *Pearson v. Gessner et al.*, 7:22-cv-09278 (PMH)

Dear Judge Halpern:

    We are counsel for plaintiff Robert Pearson ("Plaintiff"), in the above-referenced matters, *Pearson v. Gessner et al.*, 7:21-cv-05670 (PMH) ("Excessive Force Action") and *Pearson v. Gessner et al.*, 7:22-cv-09278 (PMH) ("Retaliation Action").

    For the reasons explained below, Plaintiff seeks to file a motion to consolidate the Retaliation Action with the underlying Excessive Force Action ***for discovery purposes only***, placing the Retaliation Action on the same discovery schedule that the Court sets for the Excessive Force Action. Defendants respectfully defer to the Court as to the appropriateness of the request.

    Pursuant to Your Honor's Individual Rule 2C, Plaintiff respectfully requests a pre-motion conference with the Court prior to filing this motion.

    By way of background, on the May 1, 2025, telephone conference in the Retaliation Action, the Court re-opened discovery for sixty days to allow Plaintiff to conduct discovery prior to trial. At that conference, Plaintiff also raised the possibility of consolidating the Retaliation Action with the underlying Excessive Force Action. On May 5, 2025, Plaintiff filed his Second Amended Complaint in the Excessive Force Action. *See* ECF 61, *Pearson v. Gessner et al.*, 7:21-cv-05670 (PMH) (May 6, 2025).

    Rule 42(a) of the Federal Rules of Civil Procedure permit consolidation of actions involving "a common question of law or fact." Fed. R. Civ. P. 42(a). "Consolidation is

**Arnold & Porter**

Hon. Philip M. Halpern
May 23, 2025
Page 2

warranted where it promotes judicial economy and serves to eliminate the waste associated with duplicative discovery and multiple trials, and the danger of inconsistent verdicts." *Stevens v. Hanke*, No. 20-CV-4765 (JPC), 2022 WL 489054, at *2 (S.D.N.Y. Feb. 17, 2022) (quotation marks omitted).

Consolidation of discovery in the Retaliation Action and the Excessive Force Action is warranted because duplicative discovery and wasted resources are guaranteed without consolidation. Specifically, both actions involve the same plaintiff and the same defendant, Sergeant Gessner. This alone guarantees that Sergeant Gessner will need to be deposed twice and counsel for all parties will need to prepare for his deposition twice, which would waste time and resources for all parties. Additionally, it appears that Officer Morris is both a defendant in the Excessive Force Action and a witness for Defendants in the Retaliation Action; thus, Officer Morris will also need to be deposed twice. *See Brown v. Whitley*, No. 21-cv-2933 (AMD) (CLP), 2022 WL 21781441, at *10 (E.D.N.Y. Oct. 4, 2022), *report and recommendation adopted*, No. 21-cv-2933 (AMD) (CLP), 2022 WL 21781418 (E.D.N.Y. Dec. 1, 2022) ("It would serve the purpose of judicial economy to have any such witnesses deposed once.").

Moreover, while the excessive force claim and the retaliation claim are not identical, these claims will certainly require overlapping evidence. In order to establish his retaliation claim, Plaintiff must show "that the speech or conduct at issue was protected" and "that there was a causal connection between the protected speech and the adverse action." *See Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003). The speech or conduct at issue in the Retaliation Action is the filing and maintenance of the Excessive Force Action, and causation will require evidence of Sergeant Gessner's history with Plaintiff—which will overlap with evidence elicited for Plaintiff's excessive force claim itself. *See, e.g.*, *Calliste v. City of New York*, No. 24-cv-2575 (JHR) (RWL), 2024 WL 4981513, at *3 (S.D.N.Y. Nov. 13, 2024) (finding any differences in substantive claims outweighed where "[t]he cases will involve much of the same discovery (both documents and witnesses) and proof at trial").

Defendants face no prejudice from consolidation of discovery. Indeed, consolidation of the Retaliation Action with the Excessive Force Action for discovery purposes would "eliminate unnecessary repetition" while reducing costs of discovery and the burdens to the parties and witnesses. *Darezzo v. 200 Ninth Rest. LLC*, Nos. 14-CV-9081 (PAE), 14-CV-5099 (PAE), 2015 WL 195852, at *3 (S.D.N.Y. Jan. 14, 2015) (granting motion to consolidate cases for discovery when cases had common questions of law and fact and same witnesses would need to be deposed twice). Plaintiff reserves the right to later move to consolidate for the purpose of trial.

# Arnold & Porter

Hon. Philip M. Halpern  
May 23, 2025  
Page 3

                                        Sincerely,

                                        /s/ Alexander J. Potcovaru  
                                        Alexander J. Potcovaru

cc:      Counsel of record