**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBERT PEARSON

      Plaintiff,

v.

SERGEANT GESSNER, OFFICER
MORRIS, OFFICER HALSTEAD, and
OFFICER BROECKEL,

      Defendants.

Civil Action No.: 21-CV-05670 (PMH)

**~~[PROPOSED]~~ STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER**
**REGARDING USE OF DEFENDANTS' RESTRICTED POLICIES**

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action; and

WHEREAS, Defendants have identified two (2) Restricted Policies of the Orange County Sheriff's Office as responsive to Plaintiff's Request for Production No. 3, which are: (1) Orange County Sheriff's Office Restricted Policy – Chemical Agents; and (2) Orange County Sheriff's Office Restricted Policy – Use of Force (hereinafter the "Confidential Policies").

WHEREAS, it is Defendants' position that the release of the unredacted Confidential Policies to Robert Pearson or any member of the general public could jeopardize the safety and security of the inmates and staff at Orange County Correctional Facility, Goshen, NY.

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, this Court finds good cause exists for issuance of an appropriately

tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.     The Defendants will release redacted Confidential Policies to the law firm of Arnold & Porter, or any counsel retained by Plaintiff in the above-captioned matter subsequent to the effective date of this Order (hereinafter, "Plaintiff's counsel"), *for attorney's eyes only* and for the uses permitted under this Order, upon the following terms:

(a)     The Confidential Policies shall only be disclosed to persons associated with Plaintiff's counsel and the persons listed under Paragraph 5 of this Order, and to the extent necessary to litigate this action;

(b)     The Confidential Policies will not be stored on any shared computer or data drives, such that persons unrelated to this litigation could have access to same; and

(c)     Plaintiff's counsel agrees that they will not share, discuss or relay the contents of the Confidential Policies to the Plaintiff, Robert Pearson or any member of the general public, except as permitted under Paragraph 5 of this Order, and without waiver of Plaintiff's right to designate the Confidential Policies as trial exhibits; and

(d)     Upon conclusion of this litigation, Plaintiff's counsel shall immediately but no later than seven (7) days following the conclusion of this action,

2

destroy all physical copies and delete any electronic versions of the Confidential Policies.

2.  Plaintiff's counsel may ask questions related to the Confidential Policies during any deposition in the above-captioned matter but any such deposition exhibits or portions of deposition transcripts shall be indicated as Confidential on the record during the deposition, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Confidentiality Agreement." Defendants may alternatively notify the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by Defendants or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

3.  Plaintiff's counsel shall not share or discuss those portions of any deposition testimony marked as "Confidential Information Governed by Confidentiality Agreement" with the Plaintiff or any member of the general public, except as permitted under Paragraph 5 of this Order, and without waiver of Plaintiff's right to designate the Confidential Policies as trial exhibits. Such portions of any deposition testimony shall be treated as a part of the Confidential Policies.

4.  Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or

other evidence.

5.      Plaintiff's counsel may disclose the Confidential Policies only to the following persons:

(a)      Defendants to this action, their insurers, and counsel to their insurers;

(b)      counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)      outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)      any witness who Plaintiff's counsel believes in good faith may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)      any person Plaintiff's counsel retains to serve as an expert witness or otherwise provide specialized advice to Plaintiff's counsel in connection with this action, provided such person has first executed

a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

6.      Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(f), or 5(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.      In accordance with Rule 5 of the Court's Individual Practices, if the Confidential Policies will be used as Exhibits or otherwise need to be transmitted to the Court, same will be filed under seal and the Parties must simultaneously file with the Court a letter brief and supporting declaration justifying on a particularized basis—the continued sealing of such documents.  The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

8.      The Court also retains discretion whether to afford confidential treatment to the Confidential Policies should same be submitted to the Court in connection

with any motion, application, or proceeding that may result in an order and/or decision by the Court.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any discovery material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

9.    Recipients of the Confidential Policies under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of the Defendants with respect to their own documents or information produced in this action.

10.    Each person who has access to the Confidential Policies must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom the Confidential Policies are produced or disclosed.

12.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: April 17, 2026

Kristine Rose C. Itliong
Raina Duggirala
Max Gould
Alexander J. Potcovaru
250 West 55th Street
New York, NY 10019
(212) 836-8000
kristine.itliong@arnoldporter.com
raina.duggirala@arnoldporter.com
max.gould@arnoldporter.com
alex.potcovaru@arnoldporter.com

*Counsel for Plaintiff Robert Pearson*

Dated: April 22, 2026

Stephanie T. Midler
Assistant County Attorney for
Richard B. Golden
Orange County Attorney's Office
255-275 Main Street
Goshen, NY 10924
smidler@orangecountygov.com
(845) 291-3150
*Counsel for Defendants Sgt. Gessner,
Officer Morris, Officer Halstead, and
Officer Broeckel*

SO ORDERED.

Dated: White Plains, New York
       May 7, 2026

Hon. Philip M. Halpern
United States District Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Pearson,
                    Plaintiff(s),

- against -


Sergeant Gessner, et al.
                    Defendant(s).

**NON-DISCLOSURE
AGREEMENT**

21 Civ.05670 (PMH)

I,_____, acknowledge that I have read and understand the Stipulated Order in this action governing the non-disclosure of the Confidential Policies of the Orange County Sheriff's Office. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Stipulated Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Order could subject me to punishment for contempt of Court.

_____

Dated: